## A03A2201. HILL v. THE STATE.
(591 SE2d 484)

MILLER, Judge.

Following a bench trial, Ronald Hill was found guilty of burglary. He appeals, arguing in his sole enumeration of error that the evidence was insufficient to sustain the conviction.

On appeal, the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that the victim heard voices outside her window when her electricity went out. The victim then heard someone break through a window and enter her home. Managing to escape through the front door, the victim ran across the street to get the assistance of a neighbor. The victim and the neighbor returned to the victim's home where they saw Hill coming out of a side door carrying the victim's television. The neighbor confronted Hill and fired a gunshot into the air. Hill then ran back inside the victim's home and climbed out of the window through which he had entered. Hill claimed that he was simply walking down the street when he heard a gunshot, and that he then knocked on the door of a nearby home to call police when confronted by the victim and her neighbor.

A person commits the crime of burglary "when, without author-

ity and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1. Here, the victim identified Hill as the man who exited her home with her television in hand, and testified that she did not give him authority to enter her home. Another witness also identified Hill at the scene as the man he saw exiting the victim's home with the television. Therefore, viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Hill guilty of burglary beyond a reasonable doubt. See *Peek v. State*, 247 Ga. App. 364, 365 (1) (542 SE2d 517) (2000); see also *Jackson*, supra.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED DECEMBER 11, 2003.

*Robert M. Bearden, Jr.*, for appellant.
*Howard Z. Simms, District Attorney, Myra H. Kline, Assistant District Attorney*, for appellee.